IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| TIERONE BANK, a federal savings bank, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 4:08-CV-3267 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**United States' Answer**

The United States for its response denies all allegations in the Complaint except as specifically admitted.

1. Admits.

2. Admits.

3. Admits that jurisdiction exists to consider refund claims generally but denies that the Court has jurisdiction with respect to the 1995 claim because the claim for refund was not timely filed with the IRS.

4. Admits

5. The United States lacks sufficient knowledge to admit or deny the truth of the allegations contained in paragraph 5 of the Complaint.

6. The United States lacks sufficient knowledge to admit or deny the truth of the allegations contained in paragraph 6 of the Complaint.

7. The United States lacks sufficient knowledge to admit or deny the truth of

the allegations contained in paragraph 7 of the Complaint.

8. The United States lacks sufficient knowledge to admit or deny the truth of the allegations contained in paragraph 8 of the Complaint.

9. The United States lacks sufficient knowledge to admit or deny the truth of the allegations contained in paragraph 9 of the Complaint.

10. The United States admits the allegation in paragraph 10 of the Complaint that Congress enacted FIRREA but otherwise denies the remaining allegations.

11. The United States admits that TierOne has filed amended returns claiming carryback losses but denies that TierOne is entitled to claim these losses or adjust its tax liability accordingly or obtain refunds. The United States also affirmatively states that TierOne is not entitled to any refund for the 1995 tax year because its claim for refund was untimely.

12. Denies.

13. Admits that the form 907 states that the refund claims were timely filed but affirmatively states that the 1995 claim for refund was untimely. Admits the remaining allegations.

14. Paragraph 14 of the Complaint does not contain an allegation to which a response is required.

15. Admits.

16. The United States admits that TierOne has claimed a carryback loss but denies that TierOne is entitled to claim this loss or adjust its tax liability accordingly.

17. Denies that TierOne is entitled to a net operating loss carryback to the 1990 tax year or a tax refund. Admits the remainder.

18. Denies.

19. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint does not contain an allegation to which a response is required.

21. Admits.

22. The United States admits that TierOne has claimed a carryback loss but denies that TierOne is entitled to claim this loss or adjust its tax liability accordingly or obtain a tax refund.

23. Denies that TierOne is entitled to a net operating loss carryback to the 1991 tax year or obtain a tax refund. Admits the remainder.

24. Denies.

25. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint does not contain an allegation to which a response is required.

27. Admits.

28. The United States admits that TierOne has claimed a carryback loss but denies that TierOne is entitled to claim this loss or adjust its tax liability accordingly.

3991080.1

29. Denies that TierOne is entitled to a net operating loss carryback to the 1992 taxable year or obtain a tax refund. Admits the remainder.

30. Denies.

31. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint does not contain an allegation to which a response is required.

33. Admits.

34. The United States admits that TierOne has alternatively claimed a carryback loss or a 1993 loss but denies that TierOne is entitled to claim these losses or adjust its tax liability accordingly. Denies that TierOne is entitled to a net operating loss carryback or loss deduction for the 1993 taxable year.

35. The United States admits the allegations in Paragraph 35 of the Complaint but affirmatively states that TierOne's claim for refund in the amount of $73,241 was received by the IRS on August 14, 2000.

36. Denies

37. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint does not contain an allegation to which a response is required.

39. Admits.

40. The United States admits that TierOne has alternatively claimed a carryback loss, a carryforward loss or a 1994 loss but denies that TierOne is entitled to claim these losses or adjust its tax liability accordingly. Denies that TierOne is entitled to a net operating loss carryback or net operating loss carryforward or a 1994 loss for the 1994 tax year.

41. Although IRS transcripts indicate that an amended return for the 1994 taxable year was filed on September 8, 1998, the United States has been unable to locate among the recently received IRS administrative files the purported IRS Form 1120X dated August 3, 1998 and accordingly lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 41 of the Complaint regarding this form. The United States otherwise admits.

42. Denies.

43. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint does not contain an allegation to which a response is required.

45. Admits.

46. The United States admits that TierOne has alternatively claimed a carryforward loss or a 1995 loss but denies that TierOne is entitled to claim these losses or adjust its tax liability accordingly.

47. Denies that TierOne is entitled to a carryback and/or carryforward loss or

1995 loss for the 1995 tax year. Denies that TierOne's claims for refund in the amounts of $1,338,478 and $1,338,283 were filed on September 14, 1999. Admits the remainder.

48. Denies.

49. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint does not contain an allegation to which a response is required.

51. Admits.

52. The United States admits that TierOne has claimed a carryback loss but denies that TierOne is entitled to claim this loss or adjust its tax liability accordingly.

53. Denies that TierOne is entitled to a net operating loss carryforward to the 1996 taxable year or a tax refund. Admits the remainder.

54. Denies.

55. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint does not contain an allegation to which a response is required.

57. Admits.

58. The United States admits that TierOne has claimed a carryforward loss but denies that TierOne is entitled to claim this loss or adjust its tax liability accordingly.

59. Denies that TierOne is entitled to a net operating loss carryforward to the

1997 taxable year or a tax refund. Admits the remainder.

60. Denies.

61. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint does not contain an allegation to which a response is required.

63. Admits.

64. The United States admits that TierOne has claimed a carryforward loss but denies that TierOne is entitled to claim this loss or adjust its tax liability accordingly.

65. Denies that TierOne is entitled to a net operating loss carryforward to the 1998 tax year or a tax refund.  Admits the remainder.

66. Denies.

67. The United States lacks sufficient knowledge to admit or deny the truth of the allegation contained in paragraph 67 of the Complaint.

The remainder of the Complaint contains the request for relief to which no response is required at this time.  If a response is deemed required, the United States denies that TierOne is entitled to the relief sought and requests that TierOne's prayer for relief be denied.

## Affirmative Defenses

Under Fed. R. Civ. P. 8(c)(1), the United States pleads as an affirmative defense that the Court lacks jurisdiction to consider TierOne's 1995 refund claim because the

claim is untimely under 26 U.S.C. §§ 6511 and 7402(a)(1).  The United States also pleads as an affirmative defense that collateral estoppel and res judicata may bar TierOne from asserting claims in whole or in part based on *First Fed. Lincoln Bank v. United States*, 58 Fed. Cl. 363 (2003) and *First Fed. Lincoln Bank v. United States,* 518 F.3d 1308 (Fed. Cir. 2008).

  WHEREFORE, the United States prays for judgment in its favor and against TierOne as follows:

  a. That this Court deny the relief sought in the Complaint and dismiss the Complaint with prejudice; and

  b. That this Court award the United States its costs and fees incurred in this action and grant such other and further relief as the Court deems just and proper.

  Dated: March 2, 2009.

            JOE W. STECHER
            United States Attorney

            <u>s/ Michael R. Pahl</u>
            MICHAEL R. PAHL
            Trial Attorney, Tax Division
            U.S. Department of Justice
            Post Office Box 7238
            Ben Franklin Station
            Washington, D.C.  20044
            Telephone: (202) 514-6488

3991080.1